USA v. Dunnigan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-one.

PRESENT:

> **REENA RAGGI,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

**HENRY LLOYD,**

> *Defendant,*

**ROMAN DUNNIGAN,**

> *Defendant-Appellant,*

> **v.**                                                         **21-483-cr**

**UNITED STATES OF AMERICA,**

> *Appellee.*

_____

**FOR DEFENDANT-APPELLANT:**          Brian K. Parker, Buffalo, New York

**FOR APPELLEE:**                     Tiffany H. Lee and Katherine A. Gregory, Assistant United States Attorneys, Western District of New York

Appeal from an order of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 18, 2021 order of the district court is **AFFIRMED**.

Defendant-Appellant Roman Dunnigan appeals from an order of the district court denying his motion for release pending sentencing.[1]  The district court's order of detention pending sentencing qualifies as a final appealable order.  *See* 18 U.S.C. § 3145(c).  The district court found that Dunnigan failed to demonstrate a substantial likelihood that his post-trial motions to set aside the jury's verdict and for a new trial will be granted.  *See id.* § 3143(a)(2).  The district court also found that other exceptional circumstances did not render Dunnigan's detention inappropriate.  *See id.* § 3145(c).  In an appeal from a bail determination, we review a district court's legal conclusions de novo and its factual findings underlying those legal conclusions for clear error.  *See United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A criminal defendant who has been convicted of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" but not yet sentenced must generally be detained unless (1) "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted . . . " and (2) "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  18 U.S.C. §§ 3142(f)(1)(C), 3143(a)(2).  Even if detention is appropriate under section 3143(a)(2), a criminal defendant "may be ordered released, under appropriate conditions, by the judicial officer," if "there are exceptional reasons why such person's

---

[1] Dunnigan appears to have mislabeled his brief as a "Memorandum in Support of Motion for Release Pending Trial."  The substance of his filing, however, indicates he appeals the district court's denial of his motion for release pending sentencing.  We thus construe Dunnigan's filing as an appeal of the district court's denial of that motion.

detention would not be appropriate." 18 U.S.C. § 3145(c). This statutory framework creates "a presumption in favor of detention" that places a "plainly substantial" burden of proof on the defendant seeking release. *Abuhamra*, 389 F.3d at 319.

The district court did not err by denying Dunnigan's motion for release pending sentencing. The court reasonably concluded that Dunnigan failed to meet his burden of showing a substantial likelihood that his motions to set aside the jury's verdict and for a new trial will be granted. The district court also reasonably concluded that Dunnigan failed to present extraordinary circumstances showing his detention would be inappropriate. It considered his arguments, including that his post-trial motions will succeed due to insufficient evidence, that he is not a flight risk or danger to society because of his unblemished fourteen-month record on pretrial release, that his conviction does not increase his incentive to flee because he faces the same potential sentences post-trial as he did pretrial, and that exceptional circumstances warrant his release because the COVID-19 pandemic has made it more difficult to communicate with his attorneys while incarcerated. We agree with the district court that these arguments do not overcome the presumption in favor of detention—Dunnigan failed to carry his "plainly substantial" burden of satisfying the requirements of 18 U.S.C. § 3143(a)(2) or § 3145(c) to warrant his release pending sentencing. *Abuhamra*, 389 F.3d at 319.

In sum, we agree with the district court's legal conclusions and identify no clear error in the district court's factual findings. We have considered Dunnigan's other arguments and conclude that they are without merit. The district court's detention order is thus AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3